UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

TAY T. LE,

    Plaintiff,

v.

UNITED DEBT SETTLEMENT, LLC,

    Defendant.

Case No. 5:24-cv-09421

**COMPLAINT**

**NOW COMES** TAY T. LE ("Plaintiff"), by and through her undersigned counsel, complaining of UNITED DEBT SETTLEMENT, LLC ("Defendant"), as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the California Credit Services Organization Act ("CCSOA"), Cal. Civ. Code § 1789.10 *et seq.*, the California Fair Debt Settlement Practice Act (CFDSPA"), Cal. Civ. Code § 1788.300 *et seq.* and the California Unfair Competition Law ("CUCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of contract, and breach of fiduciary duty.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §1331, and §1337 as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in the Northern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

## PARTIES

4. Plaintiff is a natural person and consumer, over 18 years-of-age, residing in San Jose, California.

5. Defendant is a credit repair organization claiming to help consumers achieve financial stability through their offerings designed to assist consumers with becoming debt free and enjoying improved credit.

6. Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 240 West 37th Street, Suite 400, New York, New York 10018.

## FACTUAL ALLEGATIONS

7. In early 2024, Plaintiff was facing financial difficulties and had a number of debts prompting her to begin looking for companies who may be able to assist her in maintaining her creditworthiness and resolving her financial obligations.

8. Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by negotiating with creditors to reduce their outstanding debts and improving their credit.

9. Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to: (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; and (2) improve Plaintiff's credit scores.

10. Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

11. On February 12, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement programs by entering into a contract with Defendant.

12. Specifically, Plaintiff enrolled a total debt amount of approximately $240,000.

13. Pursuant to the contract, Plaintiff was obligated to make monthly payments of approximately $1,323.

14. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner.

15. During the enrollment period, Plaintiff was repeatedly informed that Defendant was actively communicating with her enrolled creditors to settle outstanding debts.

16. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

17. Despite Defendant's representations, Plaintiff's credit score did not improve.

18. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle her outstanding debts and remove settled accounts from her consumer credit reports.

19. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

20. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with her creditors on her behalf.

21. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

22. Despite Plaintiff paying in no less than $30,000 into Defendant's program, Defendant failed to meaningfully (1) engage Plaintiff's creditors in settlement discussion; (2) resolve Plaintiff's debts, or (3) improve Plaintiff's credit score.

23. As a result of Defendant's inaction, Plaintiff's creditors continued to hound Plaintiff through harassing collection calls and other collection activity.

24. After making steady payments into Defendant's program over the course of a year, Plaintiff was frustrated to learn that Defendant failed to adequately address the majority of her enrolled accounts.

25. Moreover, Defendant's failure to engage Plaintiff's creditors in effective settlement discussions resulted in one of Plaintiff's enrolled creditors threatening to sue Plaintiff.

26. Rather than resolve Plaintiff's enrolled account as Defendant initially promised, Defendant advised Plaintiff to remove the account from Defendant's program and resolve it on her own.

27. Having had enough of Defendant's ineffective services, Plaintiff ultimately canceled Defendant' services.

28. Plaintiff suffered signification damages as result of Defendant's misrepresentations and omissions, including: financial losses, emotional distress, aggravation, mental anguish, decreased credit score.

29. Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

30. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

32. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a.    **Violations of CROA § 1679b(a)(3) and (a)(4)**

33. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

34. Defendant violated of §§ 1679b(a)(3) and (4) by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable

settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

    **b.    Violations of CROA § 1679b(b)**

35. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

36. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services are performed, is inherently in violation of the CROA. Defendant similarly withheld sums for services it never actually performed.

    **c.    Violations of CROA § 1679c**

37. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers as well as when and how such disclosures must be provided.

38. Defendant violated the above provision of the CROA through its failure to provide the written disclosures required by the CROA in the manner required.

    **d.    Violations of CROA § 1679d**

39. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract.

See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

40. Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

41. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a.    A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

    b.    An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

    c.    An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

    d.    An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

    e.    Any further relief the Honorable Court finds to be just and appropriate.

**COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT**

42. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

43. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c) because she is a natural person who was solicited to purchase and/or purchased the services of a credit services organization.

44. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(d) because it represents that it can provide credit improvement services and advice in exchange for the payment of money or other valuable consideration.

      **a.**      **Violation of CCSOA § 1789.13**

45.      The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides that a credit services organization may not "[c]harge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the consumer."

46.      Defendant violated the above referenced provision in much the same way it violated § 1679b(b) of the CROA discussed above.

47.      The CCSOA, pursuant to Cal. Civ. Code § 1789.13(g), provides that a credit services organization may not "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

48.      Defendant violated the above referenced provision by advising Plaintiff to cease all payments to her creditors and further assuring her that its services would subsequently increase her credit score. Plaintiff detrimentally relied on Defendant's instruction as she ceased payments to her creditors and her credit scores ultimately decreased as a result of Defendant's deficient services.

49.      Moreover, Defendant violated the above referenced provision by misrepresenting the nature of its services to induce Plaintiff's enrollment and subsequently misleading Plaintiff throughout the duration of such services as a means of retaining her monthly payments. Defendant failed to provide Plaintiff with the necessary assistance in resolving her outstanding debts and maintain quality creditworthiness after assuring Plaintiff it would provide the same.

50. Defendant's misleading conduct is against public policy because it created the false impression that Defendant was handling her financial and credit records properly while the consumer believes Defendant has their best interest.

51. Upon information and belief, Defendant systematically engages in misleading and deceptive practices, as described herein, in an effort to maximize profits at the expense of California consumers.

52. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);;

c. Awarding Plaintiff punitive pursuant to Cal. Civ. Code § 1789.21(a);

d. Award Plaintiff's reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1789.21(a); and,

e. Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT**

53. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.301(d) because she is a person who is allegedly legally responsible for a debt.

55. Defendant is a "debt settlement provider" as defined by Cal. Civ. Code § 1788.301(a) because it provides debt settlement services for compensation and on behalf of a consumer.

56. Defendant's debt settlement services are governed by the CFDSPA because Defendant offers debt negotiation services between a consumer and one or more of the consumer's creditors, the primary purpose of which is to obtain a settlement for less than the full amount of the debt.

a. **Violations of § 1788.302(a)**

57. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(a), broadly prohibits "false, deceptive, or misleading acts or practices when providing debt settlement services." Further, "without limiting the general applicability of the foregoing," conduct violates § 1788.302(a) if it includes "[o]mitting any material information." Cal Civ. Code § 1788.302(a)(3).

58. Defendant violated § 1788.302(a) of the CFDSPA by, *inter alia*, unfairly and deceptively (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

59. Defendant further violated § 1788.302(a) of the CFDSPA by implicitly and/or explicitly representing to Plaintiff that its services would improve Plaintiff's credit score when it knew that Plaintiff's credit score would decrease due to missed payments.

60. Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

61. Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a timely fashion.

62. Upon information and belief, it is Defendant's business practice to mislead consumers into believing that their debt would be promptly resolved and that their credit scores would improve.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in favor of Plaintiff for Defendant's violations of the California Fair Debt Settlement Practices Act.

b. An award of actual damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(B);

c. An award of punitive damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(A);

d. An award of Plaintiff's reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.305(b)(3); and,

e. Any further relief the Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

63. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

64. California's Unfair Competition Law ("CUCL"), pursuant to Cal Bus & Prof Code § 17200 broadly prohibits "unlawful, unfair, or fraudulent business acts or practices…"

65. Defendant violated the CUCL by, *inter alia*, unfairly and deceptively (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve

Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

66. Defendant engaged in unfair, fraudulent, and deceptive practices as to the nature of its debt settlement services. Despite its promises to the contrary, Defendant failed to adequately address Plaintiff's enrolled accounts and Plaintiff experienced a reduction in her creditworthiness as a result of Defendant's inaction.

67. As set forth above, Plaintiff was damaged by Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in favor of Plaintiff for Defendant's violations of the California Unfair Competition Law;

b. An award of actual damages;

c. An award of punitive damages;

d. An award of Plaintiff's reasonable attorney's fees and costs; and,

e. Any further relief the Honorable Court deems just and appropriate.

### COUNT V – BREACH OF CONTRACT

68. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

69. The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

70. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

71. Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

72. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    Declaring that Defendant breached the underlying contract;

    b.    Awarding Plaintiff actual damages;

    c.    Awarding Plaintiff punitive damages; and,

    d.    Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT VI – BREACH OF FIDUCIARY DUTY

73. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

74. Defendant owed Plaintiff a fiduciary duty arising out of the nature of this relationship.

75. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

76. Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

77. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of the interests of Plaintiff.

78. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for breach of fiduciary duty;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as the Honorable Court deems just and appropriate

Dated: December 26, 2024

Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com