**ZERMAY LAW, APC**
Zachary Z. Zermay (SBN 330221)
3000 Coral Way, Suite 1115
Miami, FL 33145-3239
Telephone: (310) 752-9728
Facsimile: (844) 894-6204
e-Mail: zach@zermaylaw.com

Attorneys for Defendant and Counterclaim-Plaintiff, UNITED DEBT SETTLEMENT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAY T. LE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED DEBT SETTLEMENT LLC,<br><br>　　　　　Defendant.<br><br>　—and—<br><br>UNITED DEBT SETTLEMENT LLC,<br><br>　　　　　Counterclaim-Plaintiff,<br>vs.<br><br>TAY T. LE,<br><br>　　　　　Counterclaim-Defendant. | Case No.  5:24-cv-09421-VKD<br><br>**DEFENDANT, UNITED DEBT SETTLEMENT LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS** |

### I.　**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant and Counterclaimant, United Debt Settlement LLC ("UDS"), by counsel, respectfully submits the following Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint ("Complaint") (Doc. 1).

UDS generally and specifically denies all allegations in the Complaint not specifically admitted in the paragraphs below and all allegations contained in the Complaint's headings and/or unnumbered

paragraphs. UDS's investigation of this action is ongoing and, therefore, it reserves its right to amend this Answer. In response to the Complaint's separately numbered paragraphs UDS avers as follows:

### NATURE OF THE ACTION

1. The allegations in Paragraph 1 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS denies the allegations.

### JURISDICTION AND VENUE

2. UDS admits Plaintiff alleges her "action seek[s] redress for violations of the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*," but denies any violation of the CROA occurred; consequently, UDS denies "Subject matter jurisdiction is conferred upon this Court by the CROA." This Court's lack of subject matter jurisdiction deprives it of supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

3. The allegations in Paragraph 3 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief as to the truth of whether a substantial portion of alleged events or omissions giving rise to the claims, which UDS denies, occurred within the Northern District of California and, therefore, denies them.

### PARTIES

4. UDS admits Plaintiff is a natural person, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

5. UDS denies the allegations in Paragraph 5.

6. UDS admits the allegations in Paragraph 6.

### FACTUAL ALLEGATIONS

7. UDS is without knowledge or information sufficient to form a belief about the allegations in Paragraph 8 and, therefore, denies them.

8. UDS is without knowledge or information sufficient to form a belief about the allegations in Paragraph 9 and, therefore, denies them.

9. UDS denies the allegations in Paragraph 9.

/ / /

10. UDS admits if Plaintiff made her contractual monthly payments over the contractual period UDS would utilize the payments to resolve her enrolled debts. UDS denies the remaining allegations in Paragraph 10 that are not expressly admitted.

11. UDS admits Plaintiff formally enrolled various debts into its debt settlement program by entering into a contract with UDS. UDS denies the remaining allegations in Paragraph 11 that are not expressly admitted.

12. UDS admits the allegations in Paragraph 12.

13. UDS admits the allegations in Paragraph 13.

14. UDS admits the allegations in Paragraph 14.

15. UDS admits it actively communicated with Plaintiff regarding the creditors of her enrolled debts. UDS denies the remaining allegations in Paragraph 15 that it did not expressly admit.

16. UDS denies the allegations in Paragraph 16.

17. UDS denies making any representations to Plaintiff that "[her] credit score would improve." UDS is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 17 and, therefore, denies them.

18. UDS denies the allegations in Paragraph 18 because "credit improvement services" is outside the scope of UDS's contract for services with Plaintiff and, in fact, outside the scope of UDS's entire business; further, UDS made no representations concerning Plaintiff's consumer credit reports.

19. UDS denies the allegations in Paragraph 19.

20. UDS admits the allegations in Paragraph 20.

21. UDS denies the allegations in Paragraph 21.

22. UDS denies the allegations in Paragraph 22.

23. UDS denies the allegations in Paragraph 23.

24. UDS denies that it "failed to adequately address the majority of her enrolled accounts." UDS is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 24 and, therefore, denies them.

25. UDS denies the allegations in Paragraph 25.

26. UDS denies the allegations in Paragraph 26.

27. UDS denies the allegations in Paragraph 27.

28. UDS denies the allegations in Paragraph 28.

29. UDS is without knowledge or information sufficient to form a belief about the allegations in Paragraph 29 and, therefore, denies them.

### COUNT I—VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

30. UDS incorporates and re-asserts its responses to Paragraphs 1 through 29 as if fully stated herein.

31. UDS denies the allegations in Paragraph 31.

32. UDS denies the allegations in Paragraph 32.

**a.    Violations of CROA § 1679b(a)(3) and (a)(4)**

33. The allegations in Paragraph 33 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations; however, if a response is deemed required, UDS denies those allegations.

34. UDS denies the allegations in Paragraph 34.

**b.    Violations of CROA § 1679b(b)**

35. The allegations in Paragraph 35 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

36. UDS denies the allegations in Paragraph 36.

**c.    Violations of CROA § 1679c**

37. The allegations in Paragraph 37 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

38. UDS denies the allegations in Paragraph 38.

**d.    Violations of CROA § 1679d**

39. The allegations in Paragraph 39 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

40. UDS denies the allegations in Paragraph 40.

/ / /

41. UDS denies the allegations in Paragraph 41. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 41, and which prays for a judgment of certain relief in sub-paragraphs "a-e;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause.

### COUNT II—VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT

42. UDS incorporates and re-asserts its responses to Paragraphs 1 through 41 as if fully stated herein.

43. UDS denies the allegations in Paragraph 43.

44. UDS denies the allegations in Paragraph 44.

#### a. Violations of CCSOA § 1789.13

45. The allegations in Paragraph 45 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

46. UDS denies the allegations in Paragraph 46.

47. The allegations in Paragraph 47 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

48. UDS denies the allegations in Paragraph 48.

49. UDS denies the allegations in Paragraph 49.

50. UDS denies the allegations in Paragraph 50.

51. UDS denies the allegations in Paragraph 51.

52. UDS denies the allegations in Paragraph 52. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 52, and which prays for a judgment of certain relief in sub-paragraphs "a-e;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause.

### COUNT III—VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT

53. UDS incorporates and re-asserts its responses to Paragraphs 1 through 52 as if fully stated herein.

54. The allegations in Paragraph 54 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

55. The allegations in Paragraph 55 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

56. The allegations in Paragraph 56 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

### a. Violations of § 1788.302(a)

57. The allegations in Paragraph 57 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

58. UDS denies the allegations in Paragraph 58.

59. UDS denies the allegations in Paragraph 59.

60. UDS denies the allegations in Paragraph 60.

61. UDS denies the allegations in Paragraph 61.

62. UDS denies the allegations in Paragraph 62. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 62, and which prays for a judgment of certain relief in sub-paragraphs "a-e;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause.

### COUNT IV—VIOLATIONS OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT

63. UDS incorporates and re-asserts its responses to Paragraphs 1 through 62 as if fully stated herein.

64. The allegations in Paragraph 64 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

65. UDS denies the allegations in Paragraph 65.

66. UDS denies the allegations in Paragraph 66.

67. UDS denies the allegations in Paragraph 67. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 67, and which prays for a judgment of certain relief in sub-paragraphs "a-e;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause.

/ / /

/ / /

## COUNT V—BREACH OF CONTRACT

68. UDS incorporates and re-asserts its responses to Paragraphs 1 through 67 as if fully stated herein.

69. UDS admits the allegations in Paragraph 69.

70. The allegations in Paragraph 70 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

71. UDS denies the allegations in Paragraph 71.

72. UDS denies the allegations in Paragraph 72. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 72, and which prays for a judgment of certain relief in sub-paragraphs "a-d;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause.

## COUNT VI—BREACH OF FIDUCIARY DUTY

73. UDS incorporates and re-asserts its responses to Paragraphs 1 through 72 as if fully stated herein.

74. The allegations in Paragraph 74 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

75. The allegations in Paragraph 75 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS denies the allegations.

76. UDS admits it used Plaintiff's money in a responsible manner to settle her debts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, therefore, denies them.

77. UDS denies the allegations in Paragraph 77.

78. UDS denies the allegations in Paragraph 78. UDS admits Plaintiff's Complaint contains an *ad damnum* clause which is set forth immediately under Paragraph 78, and which prays for a judgment of certain relief in sub-paragraphs "a-e;" however, UDS denies Plaintiff is entitled to the entry of a judgment against UDS for any of the relief set forth in her *ad damnum* clause

///

///

# AFFIRMATIVE AND OTHER DEFENSES

UDS hereby sets forth the following affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims fail to the extent his Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against UDS and fails to state facts sufficient to entitle Plaintiff to the relief she seeks.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times, UDS acted in good faith and complied fully with the state and federal laws governing its conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Proximate Cause)

Plaintiff's claims fail to the extent her purported damages, which UDS denies, were the direct and proximate result of her conduct and/or others.

## FOURTH AFFIRMATIVE DEFENSE

### (Vicarious Liability)

Plaintiff's claims against UDS fail to the extent she seeks to hold UDS liable, vicariously or otherwise, for the acts or omissions of others.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent she failed to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint fails to the extent it is barred by the applicable statute of limitations.

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

**(Venue)**

Pursuant to UDS's contract, the County of New York in the State of New York is the exclusive venue for Plaintiff's claims against UDS.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Contract Claims)**

Plaintiff's claims are barred, in whole or in part, to the extent her claims are contractual in nature and inappropriate under the CROA and other state statutory schemes.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

Plaintiff's claims are barred because the consideration present at the inception of the Parties' agreement subsequently failed.

**TENTH AFFIRMATIVE DEFENSE**

**(Fraud)**

Plaintiff induced UDS to enter the contract for services by making materially false representations that she had the means to pay, and that she would pay for UDS's services but she knew this representation was untruthful and that she never intended to honor her representations. Plaintiff made these and other materially false representations intending to deceive UDS and induce it to enter a contract for services that financially benefitting Plaintiff and harmed UDS. UDS relied on Plaintiff's materially false representations and entered the contract because of them.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

Plaintiff materially breached her contract with UDS by failing to pay for services UDS timely provided and which she accepted. Plaintiff was the first breaching party and, therefore, excuses UDS's further performance. Additionally, Plaintiff materially breached her contract with UDS by failing to communicate with UDS, not being reasonably available for UDS to reach and communicate with her, for suing UDS while simultaneously asking UDS to continue performing services on her behalf, suing UDS in an improper venue, providing UDS inaccurate and incomplete information, failing to provide

UDS with requested information, interfering with UDS's communications with her enrolled debt's creditor, attempting to resolve her enrolled debts on her own, and refusing to pay for the services UDS successfully performed under the contract.

### TWELFTH AFFIRMATIVE DEFENSE
### (Release & Waiver)

Plaintiff executed a valid release of the claims at issue, thereby barring her recovery of special, indirect, punitive, and consequential damages, whether caused by UDS's negligence, errors, omissions, strict liability, breach of contract, breach of warranty or other causes of action.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Statutory Compliance)

To the extent UDS is subject to the CROA, California Credit Services Organization Act, Cal. Civ. Code § 1789.10 *et seq.*, or California Fair Debt Settlement Practice Act, Cal. Civ. Code § 1788.300 *et seq.*, UDS complied with those laws.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Injury-In-Fact)

Plaintiff cannot recover from UDS under the Complaint because she can neither allege nor maintain an injury-in-fact which this deprives the Court of Article III jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver, Release, and Accord and Satisfaction)

Plaintiff's Complaint is barred, in whole or in part, to the extent she released or otherwise waived his claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Right to Additional Defenses)

UDS reserves its right to assert additional affirmative defenses and counterclaims at such time and to such extent as warranted by discovery and the factual developments in this case.

/ / /

/ / /

/ / /

WHEREFORE, UDS respectfully requests the Court enter judgment in its favor: (*i*) dismissing Plaintiff's Complaint with prejudice; (*ii*) awarding costs and expenses incurred herein; and (*iii*) awarding such other and further relief the Court deems just and proper.

*   *   *   *

DATED: April 8, 2025                                ZERMAY LAW, APC


By: *s/ Zachary Z. Zermay*
ZACHARY Z. ZERMAY
Attorney for Defendant and Counterclaim-Plaintiff, UNITED DEBT SETTLEMENT LLC

## II.     COUNTERCLAIMS

UDS asserts the following Counterclaims against Plaintiff, Tay T. Le, under Rule 13 of the Federal Rules of Civil Procedure:

### A. *Jurisdiction and Venue.*

1. This Court has personal jurisdiction over Plaintiff because she she consented to its jurisdiction in the underlying lawsuit and by bringing the present action against UDS in this forum.

2. UDS seeks more than $75,000.00 in damages for its Counterclaims against Bounds.

3. UDS's Counterclaims arise under state and federal law, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Supplemental jurisdiction for UDS's state law claims arises under 28 U.S.C. § 1367.

5. Venue is appropriate in the United States District Court for the Northern District of California under 28 U.S.C. § 1391 Plaintiff alleges she lives within this federal judicial district and, therefore, she resides in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c). Further, venue is appropriate in this federal judicial district because Plaintiff alleges she lives within this federal judicial district and she specifically chose to litigate her claims against UDS in this forum.

/ / /

/ / /

**B. Relevant Background Facts.**

6. Plaintiff admits she and UDS entered into a valid and binding contract.

7. Plaintiff materially breached her contract with UDS by failing to pay for services UDS timely provided, and continues to provide, and which she accepted and received a financial benefit.

8. Plaintiff materially breached her contract with UDS by failing to communicate with UDS, not being reasonably available for UDS to reach and communicate with her, for suing UDS while simultaneously asking UDS to continue performing services on her behalf, suing UDS in an improper venue, providing UDS inaccurate and incomplete information, failing to provide UDS with requested information, interfering with UDS's communications with her enrolled debt's creditor, attempting to resolve her enrolled debts on her own, and refusing to pay for the services UDS successfully performed under the contract.

9. Plaintiff materially breached her contract with UDS by subsequently disavowing the express representations she made to UDS acknowledging her understanding that creditors may not begin negotiations until her accounts reached delinquency status, the decision to stop paying her creditors rests solely with Plaintiff, and the nature of adverse effects she may experience if she stopped paying her creditors.

10. UDS is informed and belies, and on that basis alleges Plaintiff obtained additional unsecured debt with new or current creditors in breach of her contract with UDS.

11. UDS is informed and belies, and on that basis alleges Plaintiff failed to place all her acceptable unsecured debts into UDS's program which materially impacted UDS's ability to perform and constitutes a material breach of her contract with UDS.

12. Plaintiff agreed to indemnify UDS but has failed to do so.

13. In breach of the her contract with UDS, Plaintiff failed and refused to dismiss this action. As a direct, proximate, foreseeable, and legal cause of Plaintiff's breach, UDS has and will continue to suffer damages.

///

///

///

WHEREFORE, UDS demands judgment against Plaintiff for damages, costs, declaratory relief, an injunction requiring Plaintiff to pay for UDS's defense, pre-judgment interest, post-judgment interest, and such other relief as this Court deems just and equitable.

DATED: April 8, 2025                                        ZERMAY LAW, APC


By: _s/ Zachary Z. Zermay_
     ZACHARY Z. ZERMAY
     Attorney for Defendant and Counterclaim-Plaintiff, UNITED DEBT SETTLEMENT LLC

DEFENDANT'S ANSWER TO COMPLAINT & COUNTERCLAIMS
5:24-cv-09421-VKD